WARNER, Judge.
The state appeals the order of the trial court dismissing the case against appellee. The trial court found that the probable cause affidavit executed after the arrest of the appellee was materially false, and therefore the authorities had engaged in outrageous police misconduct for which the only remedy was to bar the prosecution of the appellee. We reverse.
On June 1,1995, the appellee was arrested on one count of purchasing cocaine in connection with a reverse sting operation. On that same date, Detective Hendrick of the Bro-ward County Sheriff’s Office filed a probable cause affidavit which set forth the following facts:
Your affiant along with other members of the Sheriffs Office conducted a reverse sting operation to combat street level narcotic dealing and buying. An undercover Deputy posed as a narcotic dealer and merely made himself available in the event a potential buyer approached and want[ed] narcotics. The above listed suspect [Daryl Swain] did in fact approach the undercover detective and solicited the illegal purchase of cocaine. The suspect then purchased the crack cocaine in exchange for $20 in U.S. Currency and took possession of the illegal drug. Immediately following the purchase the suspect was arrested. Both the crack cocaine and the money used to make the purchase were recovered and taken into evidence. In addition to testing the above mentioned substance conducted by the BSO lab, a field valtox test confirmed the presence of_
Subsequently, Detective Hendrick filed a more detailed narrative on June 12, 1995:
On 6/1/95 detectives with the Broward Sheriffs Office Narcotics Unit were conducting a reverse sting operation at the above location. Undercover Det. Nate Osgood posed as a narcotic dealer and made himself available in the event a potential buyer would approach and want narcotics. Suspect vehicle approached driven by suspect # 2 Mroczkowski with # 1 Swain seated next to him. Suspect # 2 Mroczkowski stated to undercover Detective Osgood “I need two.” Det. Osgood reached into his pocket and displayed (2) two pre-packaged cocaine rocks. Suspect # 1 Swain, who was looking at the cocaine rocks in undercover Det. Osgood’s hand handed a $20.00 bill across to suspect #2 Mroczkowski. Suspect Mroczkowski then handed the $20.00 to U.C. Det. Osgood. U.C. Det. Osgood then handed the (2) two prepackaged cocaine rocks to suspect #2 Mroc-zkowski. The move in signal was given for assisting narcotics detectives. The subjects were arrested and the rock cocaine and twenty dollars was [sic] seized by Det. Hendrick. The evidence was sealed and secured into evidence by Det. Hendrick. The subjects were booked into BSO jail.
The appellee moved to dismiss the charges based upon the detective’s filing of a “false affidavit.” After a non-evidentiary hearing, the trial court dismissed the case concluding that the methods of law enforcement in using a false probable cause affidavit were outrageous police misconduct which violated defendant’s right to due process.
In Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the Court created a test for the courts to use when presented with claims of misrepresentation in an affidavit to support probable cause:
[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant’s request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affi *345 davit’s false material set to one side, the affidavit’s remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.
438 U.S. at 155-56, 98 S.Ct. at 2676-77. While the Court was considering a search warrant, our supreme court has applied the same analysis to arrest warrants. Johnson v. State, 660 So.2d 648 (Fla.1995), cert. denied, — U.S. -, 116 S.Ct. 1550, 134 L.Ed.2d 653 (1996); Harris v. State, 438 So.2d 787 (Fla.1983), cert. denied, 466 U.S. 963, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984).
The trial court did not follow Franks, because no evidentiary hearing was held to determine whether the statements were false and whether they amounted to perjury. However, we do not believe it is necessary to return this case for a hearing, because we do not view the affidavits as false in any material respect. See Johnson. It appears that the initial probable cause affidavit is a form affidavit in which the officers merely filled in the blanks, which are the underlined words as printed above. There is nothing inconsistent between the probable cause affidavit and the more detailed narrative. The probable cause affidavit states that appellee solicited and purchased the cocaine. Appellee was in the automobile which approached the officers, and he provided the money with which to buy the drugs. Solicitation includes more than verbal requests.
Moreover, the motion to dismiss fails to comply with Johnson, which requires the movant:
(1) to point out the specific portion of the affidavit alleged to be defective; and (2) to allege that the defect consisted either of a deliberate falsehood or a statement in reckless disregard of the truth; and (3) to offer proof supporting the allegations in the form of affidavits or other sworn or reliable statements of witnesses, or satisfactorily explain their absence.
660 So.2d at 655 (footnote omitted). The motion did not allege that the affidavit consisted of a deliberate falsehood. As Johnson cautions, “allegations of neglect or innocent mistake will not meet this requirement.” Id. Thus, the motion was insufficient to justify the dismissal of the case in any event.
There was no deception perpetrated by the police in this case. The trial court should not have dismissed the case.
Reversed and remanded for reinstatement of the information.
GLICKSTEIN and STEVENSON, JJ., concur.