886 So.2d 319 (2004)
Steve HAMPTON, a/k/a Calvin Ross, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-804.
District Court of Appeal of Florida, Fourth District.
November 10, 2004.
*320 Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Frank J. Ingrassia, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant challenges his convictions for resisting arrest with violence, loitering and prowling, battery on a law enforcement officer, and unlawful use of a false name. He claims that the court erred in denying his motion for judgment of acquittal, however his motion was a "boilerplate motion" and did not allege the grounds he asserts on appeal. "To preserve an argument for appeal, it must be asserted as the legal ground for the objection, exception, or motion below. Florida Rule of Criminal Procedure 3.380 requires that a motion for judgment of acquittal `fully set forth the grounds on which it is based.'" Woods v. State, 733 So.2d 980, 984 (Fla.1999) (quoting Fla. R.Crim. P. 3.380(b)) (citations omitted). A boilerplate motion for judgment of acquittal will not suffice to preserve the issue on appeal. Id. We therefore affirm.
He also alleges that the trial court should have discharged his counsel on a Nelson[1] inquiry, because counsel refused to pursue a hearing to determine whether the probable cause affidavit included false evidence. At the Nelson hearing Hampton relied on State v. Swain, 689 So.2d 343 (Fla. 4th DCA 1997), as support for his position. In response to his motion, counsel told the court that they did not have any affidavits from witnesses showing a deliberate falsehood, and they had a good faith belief that appellant was not entitled to a hearing. The court determined that the lawyers had provided effective assistance of counsel. On the face of this record, we cannot conclude that the trial court abused its discretion because it made a full inquiry into appellant's request. Moreover, the issue of whether counsel was effective can be raised in a motion for postconviction relief should appellant have evidence of the falsity of the probable cause affidavit.
Affirmed.
SHAHOOD and MAY, JJ., concur.
NOTES
[1] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).