

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. WR-84,786-01 & 84,786-02

### EX PARTE JEFFREY SHAWN POINTER, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. CR07-300A & CR07-301A IN THE 235TH DISTRICT COURT
### FROM COOKE COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion in which JOHNSON, J., joined. YEARY, J., filed a concurring opinion in which KEASLER, HERVEY, and NEWELL, JJ., joined.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of manslaughter and aggravated assault and sentenced to twenty-five years' imprisonment on each count. He did not appeal his convictions.

Applicant contends, among other things, that trial counsel failed to investigate whether his prior convictions from Arkansas alleged in the indictments could enhance his sentences.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these

circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether (1) the Arkansas convictions alleged in the indictments were proper punishment enhancements; (2) Applicant had other prior felony convictions that could have properly enhanced his punishment; (3) trial counsel was deficient for failing to investigate whether the Arkansas convictions could enhance Applicant's punishment; and (4) but for counsel's alleged deficient conduct, Applicant would have pleaded not guilty and insisted on a trial. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: June 8, 2016
Do not publish