

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-82,096-01, WR-82,096-02, & WR-82,096-03

## EX PARTE KENTRAIL RAY MCCUIN, Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
## CAUSE NOS. F-12-51308-L, F-12-51309-L, & F-12-51310-L
## IN CRIMINAL DISTRICT COURT NO. 5
## FROM DALLAS COUNTY

**ALCALA, J., filed a dissenting opinion.**

## <u>DISSENTING OPINION</u>

On the basis of procedural default, this Court's order results in Kentrail Ray McCuin, applicant, having to spend two additional years in prison. I disagree with this resolution of applicant's claims. Although his *pro se* pleadings fail to raise a colorable ineffective-assistance-of-trial-counsel claim, it is apparent to me, based on the pleadings and the face of the record, that applicant has a colorable claim of ineffective assistance of appellate counsel due to counsel's failure to challenge the improper cumulation order on direct appeal. For the reasons explained in my dissenting opinion in *Ex parte Garcia*, I would remand this case to the habeas court for that court to appoint habeas counsel in the interests of justice, permit

counsel to amend the instant pleadings, and decide the ultimate merits of the application after those events. *See Ex parte Garcia*, No. WR-83,681-01, 2016 WL 1358947, slip op. at 8, 21 (Tex. Crim. App. Apr. 6, 2016) (Alcala, J., dissenting) (observing that appointment of habeas counsel for *pro se* applicants may be necessary in order to ensure that defendants' substantial claims of ineffectiveness "are afforded meaningful consideration on post-conviction review"; need for appointed counsel may arise in "any case in which either the pleadings or the face of the record gives rise to a colorable, nonfrivolous claim"). This is another opportunity that has arisen since *Garcia* for this Court to remand an application to the habeas court for it to appoint counsel to a *pro se*, indigent habeas applicant in the interests of justice. *See* TEX. CODE CRIM. PROC. art. 1.051(c), (d)(3) (permitting trial court to appoint attorney in a habeas corpus proceeding if the court concludes "that the interests of justice require representation"). As explained further below, I conclude that the interests of justice weigh in favor of appointing post-conviction counsel in this case in order to ensure that applicant does not forfeit his likely meritorious ineffective-assistance-of-appellate-counsel claim due to his failure to properly raise that claim at this juncture.

## I. Background

Applicant was tried and convicted in one criminal action of three offenses arising from a single transaction: evading arrest, felon in possession of a firearm, and possession of a controlled substance with the intent to deliver while in a drug-free zone. Applicant was sentenced to two, five, and twenty years' imprisonment, respectively, on those charges. The

trial court's judgments for the three offenses stacked the three sentences.[1]

The trial court's cumulation of all three sentences was not permitted by the relevant statutes because those statutes allowed the stacking of only one of the three sentences. Specifically, Section 3.03 of the Texas Penal Code requires that applicant's sentences for evading arrest and felon in possession of a firearm be served concurrently. *See* TEX. PENAL CODE § 3.03(a) (when "the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action," sentences imposed for those offenses "shall run concurrently"). In contrast, applicant's sentence for the controlled-substance offense must be served consecutively to the other two. *See* TEX. HEALTH & SAFETY CODE § 481.134(h) (providing that a sentence for the offense of possession of a controlled substance in a drug-free zone "may not run concurrently with punishment for a conviction under any other criminal statute"). The trial court's order cumulating all three sentences, therefore, was in error. The habeas court acknowledged this error in its findings of fact and conclusions of law, in which it stated, "The unlawful possession of a firearm by a felon case and the evading arrest case are not an 'offense listed under this section' as required by [the consecutive-sentencing provision in] Section 481.134(h). Thus, the evading

---

[1]    The judgment for the controlled-substance offense indicates that the sentence for that offense would run concurrently. The judgment for the unlawful-possession-of-a-firearm offense indicates that the sentence for that offense would run consecutively, with that sentence to commence "only when the judgment and sentence [in the controlled-substance case] has ceased to operate." The judgment on the evading-arrest conviction indicates that the sentence for that offense would run consecutively, with that sentence to commence "only when the judgment and sentence in [the unlawful-possession-of-a-firearm case] has ceased to operate."

arrest sentence and the unlawful possession of a firearm by a felon sentence should run concurrently." The habeas court further stated, "The trial court should have ordered the sentence in the drug case to be served after Applicant completed the concurrent sentences in the evading arrest case and the unlawful possession of a firearm by a felon case. Alternatively, the trial court should have ordered the sentences in the evading arrest case and the unlawful possession of a firearm by a felon case to begin after Applicant completes the sentence in the drug case."

Applicant filed this *pro se* application for a post-conviction writ of habeas corpus, claiming, among other matters, that his trial counsel was ineffective for failing to object to the improper cumulation order. That particular claim, however, is refuted by the trial record, which shows that trial counsel did in fact object to the stacking order, but counsel's objection was overruled by the trial court.

Because trial counsel had objected to the imposition of consecutive sentences in all three cases, the habeas court determined that applicant's ineffective-assistance claim lacked merit. The habeas court's findings and conclusions stated,

> Counsel objected to the trial court stacking the sentences for the unlawful possession of a firearm by a felon case and the evading arrest case. . . . The trial court clearly understood defense counsel's argument and objection regarding the stacking of sentences. The trial court, by pronouncing sentence as he did, overruled counsel's objection. . . . Applicant has failed to prove that he received ineffective assistance of counsel. The record reflects that counsel objected to the trial court stacking the sentences. Therefore, Applicant did not prove that counsel's representation fell below an objective standard of reasonableness.

The habeas court thus rejected applicant's ineffective-assistance-of-trial-counsel claim.

Although it found that applicant did not prove ineffective assistance of trial counsel, the habeas court recommended that relief be granted as to the improper stacking order. Specifically, the habeas court determined that the trial court "misunderstood the sentencing requirements of Section 481.134(h)" and that this misunderstanding resulted in the court "incorrectly stack[ing] the sentence in the evading arrest case on the sentence in the unlawful possession of a firearm by a felon case." On this basis, the habeas court recommended that applicant's case "be remanded for a new sentencing hearing to determine the sentence in each case and the proper cumulation order(s)." I agree with the habeas court. This Court, however, denies relief. The basis for this Court's conclusion is that the improper stacking issue could have been raised on direct appeal and, therefore, it may not be considered on its merits at this stage. *See Ex parte Townsend*, 137 S.W.3d 79 (Tex. Crim. App. 2004).

## II. Analysis

I agree with the habeas court and with this Court that, because trial counsel preserved his complaint about the impropriety of the stacking order, applicant has failed to prove ineffective assistance of trial counsel. The issue here, however, is the ineffectiveness of applicant's appellate counsel, who failed to present this properly preserved complaint on direct appeal. As explained further below, I conclude that, given the existence of a colorable ineffective-assistance-of-appellate-counsel claim that is apparent from the face of the habeas record, and given that applicant is proceeding *pro se* at this stage and his pleadings are thus

entitled to a liberal construction, the proper course is for this Court to remand this case for appointment of counsel in the interests of justice so that the instant pleadings may be amended to properly address that claim.

Here, the record clearly shows the existence of an error that was preserved at trial, but that error was not addressed by appellate counsel on direct appeal. On direct appeal, appellate counsel raised only two points of error, neither of which pertained to applicant's sentences. *McCuin v. State*, Nos. 05–12–01148–CR, 05–12–01149–CR, 05–12–01150–CR, 2013 WL 3929215 (Tex. App.—Dallas July 26, 2013) (mem. op., not designated for publication). This omission by appellate counsel, viewed in conjunction with the habeas court's factual finding that trial counsel objected to the improper stacking order during the trial proceedings, gives rise to a colorable claim of ineffective assistance of appellate counsel. *See Ex parte Flores*, 387 S.W.3d 626, 639 (Tex. Crim. App. 2012) ("To obtain relief in the form of a new direct appeal on a claim of ineffective assistance of appellate counsel, applicant must show that (1) counsel's decision not to raise a particular point of error was objectively unreasonable, and (2) there is a reasonable probability that, but for counsel's failure to raise that particular issue, he would have prevailed on appeal."). Our cases are clear in providing that, if "appellate counsel fails to raise a claim that has indisputable merit under well-settled law and would necessarily result in reversible error, appellate counsel is ineffective for failing to raise it." *Id*. (citations omitted). This principle would seem to apply squarely to appellate counsel's conduct in failing to raise the improper-

stacking claim on direct appeal.

Despite the apparent existence of a likely meritorious ineffective-assistance-of-appellate-counsel claim, applicant's *pro se* pleadings fail to expressly present that legal theory as a basis for granting relief, instead focusing on complaints regarding trial counsel's performance. Applicant contends that trial counsel was "ineffective for failing to move to sever the multiple indictments." Although applicant's pleadings are focused on alleging that trial counsel was ineffective, as opposed to focusing on appellate counsel's performance, this oversight is perhaps understandable, given that a claim of ineffective assistance of appellate counsel is complex and involves an understanding of trial error, concepts of preservation of error, and appellate strategy. It should go without saying that such concepts are not likely to come intuitively to a *pro se* litigant untrained in the law. In the analogous context of claims of ineffective assistance of trial counsel, the Supreme Court has recognized that, in many situations, *pro se* petitioners lack the necessary legal knowledge and resources that would enable them to properly present their claims. It stated,

> Without the help of an adequate attorney, a prisoner will have [ ] difficulties vindicating a substantial ineffective-assistance-of-trial-counsel claim. Claims of ineffective assistance at trial often require investigative work and an understanding of trial strategy. When the issue cannot be raised on direct review, moreover, a prisoner asserting [such a] claim in an initial-review collateral proceeding cannot rely on a court opinion or the prior work of an attorney addressing that claim. To present a claim of ineffective assistance at trial in accordance with the State's procedures, then, a prisoner likely needs an effective attorney.

*Martinez v. Ryan*, 132 S. Ct. 1309, 1317 (2012). The Court further reasoned that prisoners

"unlearned in the law" may not "comply with the State's procedural rules or may misapprehend the substantive details of federal constitutional law." *Id*. Based on these considerations, the Supreme Court concluded that, without the effective assistance of counsel in an initial-review collateral proceeding, a prisoner's ability to litigate his ineffectiveness claims would be significantly diminished. *See id.* at 1318 (acknowledging, "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim"). It was this recognition that prompted the Supreme Court to permit substantial state ineffective-assistance-of-trial-counsel claims forfeited as a result of a lack of counsel or ineffective counsel in the state post-conviction proceedings to be raised for the first time in a federal habeas proceeding. *See id*. at 1320.

Although the Supreme Court in *Martinez* was addressing ineffective-assistance-of-trial-counsel claims in particular, much of the reasoning in that case also applies to claims of ineffectiveness on direct appeal: the claims are generally intricate and require access to the complete trial record and a mastery of complex legal concepts, such as preservation of error and trial and appellate strategy. Further, a post-conviction writ of habeas corpus presents the first opportunity for a defendant to challenge appellate counsel's performance on direct appeal, but this opportunity arises at a stage of the proceedings when an indigent defendant has no established constitutional right to appointed counsel, thereby posing a substantial risk that his claim, even if it is meritorious, will be forfeited due to his failure to

properly raise it. Thus, many of the same considerations that the Supreme Court was persuaded by in reaching its conclusion in *Martinez* lead me to conclude that a lack of counsel in a post-conviction proceeding for the purpose of assisting an applicant in raising his ineffective-assistance-of-appellate-counsel claim will "significantly diminish[ ]" his ability to raise that claim and may deprive him of any meaningful review of that claim at all. *See id.* at 1318. Where, as here, the pleadings and the face of the record reveal a likely meritorious ineffective-assistance-of-appellate-counsel claim, and, particularly, where the granting of relief as to that claim may ultimately lead to applicant spending two fewer years in prison, I conclude that the appointment of counsel is necessary in the interests of justice in order to ensure that the *pro se* applicant's constitutional rights are adequately protected. *See* TEX. CODE CRIM. PROC. art. 1.051(d)(3); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985) (holding that a "first appeal as of right [ ] is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney"); *Ex parte Axel*, 757 S.W.2d 369, 374-75 (Tex. Crim. App. 1988).

Here, in making my determination that applicant has a colorable ineffective-assistance-of-appellate-counsel claim that would necessitate the appointment of counsel in the interests of justice, I have (1) liberally construed the pleadings by reviewing applicant's complaints for substantive merit rather than for technical procedural compliance, and (2) examined the face of the record to ascertain whether a colorable claim exists that was not expressly presented by applicant but which nevertheless bears some general relation to his

complaints. This practice of liberally construing *pro se* pleadings in light of the available record is widely recognized as appropriate. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*pro se* complaint "is to be liberally construed"); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (a *pro se* inmate's petition should be viewed liberally and is not held to the stringent standards applied to formal pleadings drafted by attorneys); *see also Hernandez v. Thaler*, 630 F.3d 420, 426-27 (5th Cir. 2011) (filings by habeas petitioners are "entitled to the benefit of liberal construction"); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("*Pro se* habeas petitioners are to be afforded the benefit of any doubt.") (citations omitted). Although applicant improperly framed the issue in this case as one of ineffective assistance of trial counsel, as opposed to one of ineffective assistance of appellate counsel, he should not be faulted for failing to correctly identify the precise legal theory upon which his claim rests. As the United States Tenth Circuit Court of Appeals has recognized, the "mandated liberal construction" afforded to *pro se* pleadings means that "if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

In light of these principles, my review for whether an applicant may have a colorable claim that would warrant the appointment of counsel in the interests of justice does not call

upon this Court or the habeas court to make legal arguments for an applicant, nor does it require any court to become an advocate for him. Rather, by liberally reading the *pro se* pleadings and examining the face of the record to determine whether appointed counsel is required under the circumstances in order to ensure that an applicant's claims are given meaningful consideration, I am merely adhering to my judicial duties to afford *pro se* litigants wide latitude in pleading their claims and to uphold the requirements of the Code of Criminal Procedure that entitle applicants to appointed counsel when the interests of justice require it. It is well established that this practice of liberally construing *pro se* pleadings is a proper judicial function that does not transform a judge into an advocate for a habeas applicant. *See Barnett*, 174 F.3d at 1133 (explaining that, although a court "should not assume the role of [an] advocate for the *pro se* litigant and may not rewrite a petition to include claims that were never presented," a court acts properly when it "look[s] carefully at the facts and the pleadings in an effort to ascertain what occurred in prior state proceedings and the true nature of petitioner's claims"). Moreover, I am not proposing that applicant be granted relief on the basis of his current pleadings, but am instead merely suggesting that he be permitted the opportunity to amend his instant pleadings with the assistance of appointed counsel, rather than having his improperly pleaded claims denied outright. *See Hall*, 935 F.2d at 1110 (explaining that, in construing *pro se* pleadings, "the plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not

have occurred to him[ ] should be allowed to amend his complaint").[2]

I further note that my proposed approach that liberally examines the pleadings and independently reviews the available record is a mild house-cat when compared to the lion's share of the much more burdensome independent judicial review of the record that has been approved of and conducted in Texas state courts for almost five decades in *Anders* cases. *See Anders v. California*, 386 U.S. 738, 744-45 (1967) (requiring appellate courts to conduct "a full examination of all the proceedings[ ] to decide whether the case is wholly frivolous," and stating that an appellate court must "pursue all the more vigorously its own review"); *Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991). In *Anders* cases, this Court requires appellate judges to independently review the record for any arguable grounds for appeal when an appointed attorney has filed a brief asserting that there are no arguable grounds, and if the judges' independent review of the record reveals that there are arguable grounds for appeal, then the appellate court must remand the case to the trial court for the appointment of new appellate counsel. *See Stafford*, 813 S.W.2d at 511 (under *Anders*, "after receiving a brief claiming that there are no arguable grounds for appeal, *the reviewing court* must review the record to make an independent determination"). A judge's vigorous independent review for any arguable grounds of appeal in an *Anders* case is required to ensure that an

---

[2] I note here that this Court has recently held that habeas applicants pursuing post-conviction relief under Article 11.07 of the Code of Criminal Procedure may freely amend their pleadings by adding supplemental claims prior to the final disposition of the application. *See Ex parte Saenz*, No. WR-80,945-01, 2016 WL 1359214, at *4 (Tex. Crim. App. Apr. 6, 2016) (permitting filing of supplemental or amended habeas claims at any time prior to disposition of pending application).

appointed attorney has not erroneously asserted that there are no arguable grounds for appeal. *See id.* By requiring that judges vigorously and independently review the record for any arguable grounds of appeal in an *Anders* case, this Court has essentially already held that this type of review does not transform a judge into an advocate for a party, and that instead this is a review that honors a judge's oath to preserve, protect, and defend the Constitution and laws of the United States and of this state. And, although in *Anders* cases an appellate judge carries a heavy burden to examine the entire record for any arguable grounds for appeal on any of the numerous possible subjects that could be a basis for appeal, in contrast, in my proposed approach to post-conviction habeas cases, an appellate judge bears a much lighter burden to liberally examine the substance of the complaints in a *pro se* applicant's pleadings and to review the available record to determine whether those complaints are arguably meritorious, and then only as to claims of ineffective assistance of counsel. I have never suggested that, in conducting this review, a judge should be an advocate for an applicant or that a judge must exhaustively scour the record for any possible claims, and such an aspersion would unfairly oversimplify and mischaracterize my position.

In light of the foregoing considerations, I would hold that the pleadings and the record in this case give rise to a colorable ineffective-assistance-of-appellate-counsel claim and, therefore, that applicant is entitled to the assistance of appointed counsel in the interests of justice for the purpose of pursuing that claim. *See* TEX. CODE CRIM. PROC. art. 1.051(d)(3). I note that, if applicant is deprived of the opportunity to develop his claim in the instant

proceeding, then it is likely that he will be unable to do so in any future proceeding as a result of the statutory bar on subsequent writs. *See id.* art. 11.07, § 4. In order to afford applicant his one full bite at the apple in this initial habeas proceeding, and in order to ensure that applicant's constitutional right to the effective assistance of appellate counsel is fully protected, I conclude that the interests of justice require appointed counsel and further proceedings under these circumstances. I, therefore, would not deny applicant relief at this stage but would instead remand this case to the habeas court for appointment of counsel and further proceedings. Because the Court declines to do so and instead denies relief, I respectfully dissent.

Filed: June 22, 2016

Publish