

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,408-01

### EX PARTE PEDRO VALENTIN-ESCOBAR, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. F-2014-1145-A WHC-1 IN THE 16TH DISTRICT COURT FROM DENTON COUNTY

**ALCALA, J., filed a concurring opinion in which JOHNSON, J., joined.**

### CONCURRING OPINION

I join this Court's remand order because I agree with its observation that applicant has alleged facts that "if true, might entitle him to relief." Because applicant has pleaded a colorable ineffective-assistance-of-counsel claim, I would order the habeas court on remand to appoint counsel for him upon request if he is indigent, regardless of whether the trial court holds a hearing. *See Ex parte Pointer*, 492 S.W.3d 318, 320-21 (Tex. Crim. App. 2016) (per curiam) (Alcala, J., concurring). At a minimum, however, in addition to this Court's order's current admonition that the appointment of counsel is mandatory for an indigent applicant upon request if the habeas court holds a hearing, I would include a further admonishment that an indigent applicant is "entitled" to the appointment of counsel upon request "if the court concludes that the interests of justice require representation." *See* TEX. CODE CRIM. PROC. ART. 1.051(d).

Filed: October 5, 2016
Do Not Publish