

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-85,898-01 & -02 & -03 & -04 & -05 & -06

### EX PARTE VAN DRALAN DIXSON, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W13-00611-M(A) & W13-60099-M(A) & W13-60100-M(A) &
### W13-60101-M(A) & W13-60766-M(A) & W13-60767-M(A)
### IN THE 194TH DISTRICT COURT FROM DALLAS COUNTY

ALCALA, J., filed a concurring opinion.

### CONCURRING OPINION

I join this Court's remand order because I agree with its observation that applicant has alleged facts that, "if true, might entitle him to relief." Because applicant has pleaded a colorable ineffective-assistance-of-counsel claim, I would order the habeas court on remand to appoint counsel for him upon request if he is indigent, regardless of whether the trial court holds a hearing. *See Ex parte Pointer*, 492 S.W.3d 318, 320-21 (Tex. Crim. App. 2016) (per curiam) (Alcala, J., concurring). At a minimum, however, in addition to the order's current admonition that the appointment of counsel is mandatory for an indigent applicant upon request if the habeas court holds a hearing, I would include a further admonishment that an indigent applicant is "entitled" to the appointment of counsel upon request "if the court concludes that the interests of justice require representation." *See* TEX. CODE CRIM. PROC. ART. 1.051(d).

Filed: November 9, 2016

Do Not Publish