

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-86,020-01, WR-86,020-02 AND WR-86,020-03

### EX PARTE GEORGE HENRY WALKER, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. B-13-0883-SB-W-1, B-14-0994-SB-W-1 AND B-14-0650-SA-W-1
### IN THE 119TH DISTRICT COURT FROM TOM GREEN COUNTY

ALCALA, J., filed a concurring opinion.

### CONCURRING OPINION

I join this Court's remand order because I agree with its observation that applicant has alleged facts that, "if true, might entitle him to relief." Because applicant has pleaded a colorable ineffective-assistance-of-counsel claim, I would order the habeas court on remand to appoint counsel for him upon request if he is indigent, regardless of whether the trial court holds a hearing. *See Ex parte Pointer*, 492 S.W.3d 318, 320-21 (Tex. Crim. App. 2016) (per curiam) (Alcala, J., concurring). At a minimum, however, in addition to the order's current admonition that the appointment of counsel is mandatory for an indigent applicant upon request if the habeas court holds a hearing, I would include a further admonishment that an indigent applicant is "entitled" to the appointment of counsel upon request "if the court concludes that the interests of justice require representation." *See* TEX. CODE CRIM. PROC. ART. 1.051(d).

Filed: December 14, 2016
Do Not Publish