

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-86,411-01

### EX PARTE BILLY STEVEN NOWDEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 24435 HC-1 IN THE 6ᵀᴴ DISTRICT COURT
### FROM LAMAR COUNTY

ALCALA, J., filed a concurring opinion.

### CONCURRING OPINION

Billy Steven Nowden, applicant, contends that he was incompetent at his guilt and revocation proceedings, and, therefore, I agree with this Court's remand order's determination that applicant has alleged facts that, "if true, might entitle him to relief." I, however, do not join this Court's order because I conclude that it is in the interests of justice to appoint counsel for applicant upon request if he is indigent regardless of whether the habeas court conducts a live hearing. *See Ex parte Pointer*, 492 S.W.3d 318, 320-21 (Tex. Crim. App. 2016) (per curiam) (Alcala, J., concurring). Specifically, in addition to the order's current admonition that the appointment of counsel is mandatory for an indigent applicant upon request if the habeas court holds a hearing, I would include a further admonishment that an indigent applicant is "entitled" to the appointment of counsel upon request "if the court concludes that the interests of justice require representation." *See* TEX. CODE CRIM. PROC. ART. 1.051(d). With these comments, I respectfully concur in this Court's order.

Filed: April 26, 2017
Do Not Publish