

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-86,317-01

### EX PARTE HANI MOFIDINASAB, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 120-15-A IN THE 2ND 25TH DISTRICT COURT FROM GONZALES COUNTY

ALCALA, J., filed a concurring opinion.

### CONCURRING OPINION

Hani Mofidinasab, applicant, presents a complicated double-jeopardy claim that is beyond the scope of matters that an ordinary pro se litigant might reasonably be expected to effectively litigate in a post-conviction habeas proceeding. Thus, although I agree with this Court's remand order's determination that applicant has alleged facts that, "if true, might entitle him to relief," I do not join this Court's order because I conclude that, on remand, it would be in the interests of justice for the habeas court to appoint counsel for applicant upon request if he is indigent, regardless of whether the habeas court conducts a live hearing. *See Ex parte Pointer*, 492 S.W.3d 318, 320-21 (Tex. Crim. App. 2016) (per curiam) (Alcala, J., concurring). Specifically, in addition to the order's current admonition that the appointment of counsel is mandatory for an indigent applicant upon request if the habeas court holds a hearing, I would include a further admonishment that an indigent applicant is "entitled" to the appointment of counsel upon request "if the court concludes that the

interests of justice require representation." *See* TEX. CODE CRIM. PROC. ART. 1.051(d). With these comments, I respectfully concur in this Court's order that remands this case to the habeas court.

Filed: April 26, 2017
Do Not Publish