

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-87,201-01

### EX PARTE ALAA ABBAS ELKHAFAGE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1066700-A IN THE 339TH DISTRICT COURT
### FROM HARRIS COUNTY

ALCALA, J., filed a concurring opinion.

### CONCURRING OPINION

I agree with this Court's remand order's determination that applicant has alleged facts that, "if true, might entitle him to relief." I, however, do not join this Court's order because I would require the habeas court on remand to appoint counsel for applicant upon request if he is indigent, regardless of whether the trial court holds a hearing. *See Ex parte Pointer*, 492 S.W.3d 318, 320-21 (Tex. Crim. App. 2016) (per curiam) (Alcala, J., concurring). Specifically, in addition to the order's current admonition that the appointment of counsel is mandatory for an indigent applicant upon request if the habeas court holds a hearing, I would include a further admonishment that an indigent applicant is "entitled" to the appointment of counsel upon request "if the court concludes that the interests of justice require representation." *See* TEX. CODE CRIM. PROC. ART. 1.051(d). With these comments, I respectfully concur in this Court's order.

Filed: October 18, 2017
Do Not Publish