

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-75,347-27

### EX PARTE DONN DEVERAL MARTIN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1017612-C IN THE 372ND DISTRICT COURT FROM TARRANT COUNTY

ALCALA, J., filed a concurring opinion.

### CONCURRING OPINION

Donn Deveral Martin, applicant, was convicted of aggravated sexual assault of a child and sentenced to life imprisonment. His conviction was affirmed on appeal. *See Martin v. State*, 2008 WL 4831345, *1 (Tex. App.—Fort Worth Nov. 6, 2008, pet. ref'd) (memo. op., not designated for publication). He now seeks post-conviction habeas relief under Article 11.073 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 11.073. In his instant application, applicant asserts that the State's DNA expert presented false trial testimony based on junk science.

I agree with this Court's remand order's determination that applicant has alleged facts that, "if true, might entitle him to relief." I, however, do not join this Court's order because I would require the habeas court on remand to appoint counsel for applicant upon request if he is indigent, regardless of whether the trial court holds a hearing. *See Ex parte Pointer*, 492 S.W.3d 318, 320-21

(Tex. Crim. App. 2016) (per curiam) (Alcala, J., concurring). Specifically, in addition to the order's current admonition that the appointment of counsel is mandatory for an indigent applicant upon request if the habeas court holds a hearing, I would include a further admonishment that an indigent applicant is "entitled" to the appointment of counsel upon request "if the court concludes that the interests of justice require representation." *See* TEX. CODE CRIM. PROC. art. 1.051(d).

Shortly after he filed the instant application, applicant received a letter from the State advising him that the Texas Forensic Science Commission was undertaking a review of its DNA testing and analysis guidelines and that applicant's case may potentially be impacted by the results. The habeas court subsequently entered an order designating issues that identified applicant's false testimony claim as a matter requiring further resolution, and it granted applicant's motion requesting counsel pursuant to Chapter 64 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 64.01(c).[1] However, the appointment of counsel pursuant to Chapter 64 does not necessarily provide applicant with the legal assistance needed to fully address the contentions within his post-conviction habeas writ. In his writ application, applicant is not seeking retesting of DNA evidence permitted under Chapter 64. Rather, as noted, applicant asserts that the State presented false testimony based on erroneous science.

Applicant is an incarcerated, pro se litigant, and his claims involve highly technical and scientifically complex issues. In order for applicant to properly litigate his claims, he necessarily

---

[1] The order appointing counsel pursuant to Article 64.01(c) directs:

> [That] counsel be appointed for the purpose of assisting and advising the Defendant concerning any DNA reports previously issued and requesting any amended DNA reports be issued under the new protocol in the above Tarrant County cause as may be needed.

needs the assistance of counsel. Accordingly, because the interests of justice under these circumstances require representation, I would instruct the habeas court to order that the counsel appointed pursuant to Chapter 64 also be appointed to represent applicant in his post-conviction writ proceedings, or alternatively, to appoint separate counsel. With these comments, I respectfully concur in this Court's order.

Filed: December 20, 2017
Do Not Publish