491 So.2d 545 (1986)
Larry CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 67523.
Supreme Court of Florida.
July 17, 1986.
*546 Robert E. Sims of O'Melveny & Myers, Washington, D.C. and Clive A. Stafford Smith and Stephen B. Bright, Atlanta, Ga., for appellant.
Jim Smith, Atty. Gen. and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Clark appeals the denial of his motion for relief under Florida Rule of Criminal Procedure 3.850. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.; Fla.R.Crim.P. 3.850. We direct the trial court to allow Clark to withdraw his pro se motion so that he may file a new one or to allow Clark to amend his original motion.
Clark is a Florida prisoner under sentence of death. Following affirmance of his conviction and sentence, Clark v. State, 443 So.2d 973 (Fla. 1983), cert. denied, 467 U.S. 1210, 104 S.Ct. 2400, 81 L.Ed.2d 356 (1984), Clark filed a pro se 3.850 motion with the trial court in early December 1984. Three weeks later, after learning that volunteer counsel had been located for him, Clark filed a pro se motion seeking to withdraw his 3.850 motion. This second motion also contained a notice of indigency and a notice that counsel had been retained. The clerk of court had forwarded the 3.850 motion to the trial judge, but, apparently, the judge never received the motion to withdraw. The state filed a response to the 3.850 motion in March 1985 and mailed a copy to Clark, but not to his counsel. The day after receiving the state's response, the trial judge held a hearing on the 3.850 motion. Although two attorneys for the state attended this hearing, neither Clark nor his counsel had been notified of the hearing and did not attend. The judge summarily denied the 3.850 motion. Upon learning of the denial Clark's counsel filed a motion to vacate. By then the original trial judge had returned to the civil bench. His replacement heard the motion to vacate in May 1985 and denied it. Neither judge ruled on the motion to withdraw.
Clark now claims that the May motion to vacate should have been treated as a motion for rehearing and that his motion to withdraw his pro se 3.850 motion should have been granted without prejudice. We agree.
Courts should have "a judicious regard for the constitutional rights of criminal defendants" when dealing with pro se motions. Pitts v. State, 158 So.2d 763, 765 (Fla.2d DCA 1963). Such regard is not apparent in this case. The trial court erred in not considering Clark's pro se motion to withdraw with its attached notice of retention of counsel. This failure cannot be attributed to Clark. Moreover, given the seriousness of his sentence and the fact that he had obtained counsel and that the state would suffer no prejudice from allowing withdrawal, the motion should have been granted without prejudice. Any other action, or inaction, would on the facts of this case constitute an abuse of discretion.
Turning to the motion to vacate the order denying post-conviction relief, we find that the second trial judge erred in refusing the requested relief. Clark's counsel filed that motion within the fifteen-day rehearing period provided in rule 3.850, and, no matter how styled, it should have been treated as a motion for rehearing. We also find that the motion should have been granted.
Whether a prisoner should be physically present at a 3.850 proceeding is discretionary with the trial court except when evidence is to be presented and the prisoner is not represented by counsel. State v. Reynolds, 238 So.2d 598 (Fla. 1970). This discretion must be exercised with regard to the prisoner's right to due process. Id.
With its response to Clark's pro se 3.850 motion the state filed an affidavit *547 from Clark's trial counsel refuting Clark's claims of that counsel's ineffective assistance. The judge relied on that affidavit in denying Clark's motion. The affidavit was extra-record evidence. Kelly v. State, 175 So.2d 542 (Fla. 1st DCA 1965). Because the judge considered evidence in making his ruling and because the judge apparently did not know that Clark had retained counsel, he erred by not notifying Clark of the hearing and securing Clark's presence at that time. See Reynolds. The second judge, therefore, should have overturned the first judge's denial because of the procedural defects inherent in that ruling.[*] The second judge also should have ruled on the pro se motion to withdraw and should have either granted that motion and allowed Clark to file another 3.850 motion or should have allowed amendment of the original pro se 3.850 motion.
We direct the trial court to set aside the order denying relief and to grant Clark's motion to withdraw his pro se 3.850 motion without prejudice so that another 3.850 motion can be filed. At oral argument Clark's counsel stated his readiness to file such a motion. We direct him to do so within thirty days of the filing of this opinion.
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
ADKINS, J., dissents.
NOTES
[*] The first judge also failed to attach to the order those portions of the record conclusively showing no entitlement to relief. See Orange v. State, 437 So.2d 1099 (Fla. 1983); Fla.R.Crim.P. 3.850.