535 So.2d 636 (1988)
Kevin J. MADDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1783.
District Court of Appeal of Florida, Fifth District.
December 15, 1988.
*637 James B. Gibson, Public Defender and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Defendant appeals from an order denying in part his motion to correct sentence. He asserts that the trial court failed to honor the plea agreement between himself and the State, to the effect that the 15 year sentence imposed on him in Marion County be "coterminous" with a 13 year federal sentence he was then serving.[1] He also asserts that he was denied effective assistance of counsel when counsel was appointed for him at the hearing on his motion, with no knowledge of the proceedings or an opportunity to prepare, and that the court further erred in not providing for his presence at the hearing so that he could testify. We find merit in defendant's arguments and reverse.
Defendant filed a pro se motion to correct his sentence. When the motion was noticed for hearing, defendant wrote to the trial judge and requested appointment of counsel, and expressed a desire to be present at the hearing, because he had personal knowledge of facts which he wanted to present. No action was taken on defendant's request to be present at the hearing, and it was conducted without his presence. At the hearing, the court appointed an assistant public defender to represent the defendant, although the attorney protested the fact that she had never seen the motion before. Although no formal request for continuance was made, the record supports appellant's position that the assistant public defender was unfamiliar with the case and was not prepared to argue it.[2]
Although there is no absolute duty to appoint counsel for an indigent defendant in a post-conviction relief proceeding, the trial court has the discretion to appoint counsel when the application on its face reflects a colorable or justiciable issue or a meritorious grievance, with all doubts resolved in favor of the defendant. Williams v. State, 472 So.2d 738 (Fla. 1985) citing Graham v. State, 372 So.2d 1363, 1366 (Fla. 1979). Defendant's motion did present a colorable claim or a meritorious grievance and the trial court correctly appointed counsel. However, appointing counsel at the beginning of the hearing, with no opportunity to acquaint herself with the pleading, the record or the issues involved did not permit for effective representation.
It is generally held that "The duty imposed on the courts to assign counsel to defend one accused of a crime who is himself unable to employ counsel was not intended to be a mere formality. It means more than the mere appointment of counsel. Such duty is not discharged by an assignment at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case. It is a general rule that a reasonable time for the preparation of a defendant's case must be allowed *638 between the time of assignment of counsel by the court and thedate of trial.
French v. State, 161 So.2d 879, 880 (Fla. 1st DCA 1964) quoting 14 Am.Jur. Criminal Law § 172, p. 886.
Whether a prisoner should be present at a hearing for post-conviction relief is discretionary with the trial court except when evidence is to be presented and the prisoner is not represented by counsel. Clark v. State, 491 So.2d 545 (Fla. 1986). When the hearing was set here, it was obvious that evidence was to be presented, and at the time it was noticed, appellant was not represented by counsel. His presence should have been arranged. He now has counsel, so on remand, the trial court should exercise its discretion to determine the need for appellant's presence, with due regard for appellant's due process rights. Clark, supra.
We reverse the order appealed from and remand the cause for a new evidentiary hearing.
REVERSED AND REMANDED.
SHARP, C.J. and COBB, J., concur.
NOTES
[1] "Coterminus" is used by the parties to refer to the termination of the state sentences at the same time the federal sentence terminates.
[2] Although the record is not clear on this point, it appears that this assistant public defender just happened to be in the courtroom at the time the hearing commenced and was asked to look at the motion. When she advised the court that she did not represent the defendant and had not previously seen the motion, and in the midst of the argument by the State, the court appointed her to represent the defendant.