937 So.2d 271 (2006)
Victor G. WASHINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1999.
District Court of Appeal of Florida, Fourth District.
September 13, 2006.
Victor G. Washington, Miami, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Victor Washington appeals the summary denial of his rule 3.850 motion for postconviction relief. We reverse that ruling as the lower court should not have reached the merits of the motion. We remand with instructions to grant Washington's motion to withdraw.
Washington filed his rule 3.850 motion on October 26, 2005 and the lower court ordered a state response on November 21, 2005. On April 4, 2006, prior to the state filing a response, Washington attempted to withdraw his rule 3.850 motion. Washington believed his postconviction motion was premature because he wanted to pursue a belated appeal of his open pleas and sentence. Washington provided to prison officials this motion to withdraw the postconviction pleading three days before the state filed its response on April 7, 2006. The lower court denied the postconviction motion without ruling on the motion to withdraw. It appears the lower court may not have been provided a copy of the motion *272 to withdraw prior to ruling on the merits of the postconviction motion.
Washington was entitled to withdraw his rule 3.850 motion up to and until the lower court ruled on the merits, so long as the state did not show prejudice. See Carvalleria v. State, 675 So.2d 251 (Fla. 3d DCA 1996) (citing Simon v. State, 768 So.2d 1089 (Fla. 3d DCA 1995)). The state has failed to show how it would be prejudiced by the voluntary dismissal of the rule 3.850 motion. Instead, the state incorrectly contends Washington is not entitled to a belated appeal from an open plea. Whether Washington has grounds for a belated appeal is irrelevant to the instant proceeding and this opinion should not be read to indicate any decision on such a petition.
Where the state would suffer no prejudice from allowing withdrawal of a rule 3.850 motion, our supreme court has noted the denial of the motion to withdraw "constitute[s] an abuse of discretion." Clark v. State, 491 So.2d 545, 546 (Fla.1986). While the lower court, in the instant case, did not deny the motion to withdraw, as did the lower court in Clark, the inadvertent failure to grant such relief, when timely requested, should not be allowed to stand. Washington timely sought to withdraw his motion for postconviction relief and thus it would be an abuse of discretion to not allow the motion to be withdrawn. We remand to the lower court to grant Washington's motion to withdraw and to dismiss his rule 3.850 motion without prejudice.
Reversed and remanded.
GUNTHER, WARNER and SHAHOOD, JJ., concur.