949 So.2d 1197 (2007)
Steve HAMPTON, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D06-3623.
District Court of Appeal of Florida, Fourth District.
March 7, 2007.
*1198 Steve Hampton, Lowell, pro se.
Bill McCollum, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Steve Hampton (Defendant) appeals an order summarily denying in part, and summarily denying without prejudice in part, his rule 3.850 motion for postconviction relief, and a second order denying his motion to dismiss his pending rule 3.850 motion as moot. We treat the appeal as a petition for writ of certiorari and grant it.
We affirmed Defendant's conviction and sentence in L.T. case no. 02-4814 by written opinion, Hampton v. State, 886 So.2d 319 (Fla. 4th DCA 2004), rev. denied, 898 So.2d 937 (Fla.2005). The supreme court denied review on March 3, 2005. Thus, the time within which Defendant may file a timely rule 3.850 motion was not to expire until Monday, March 5, 2007. He filed such a motion on September 21, 2005 and thereafter amended it several times. One or more of the amendments did not comply with rule 3.850(c). In an order dated July 25 but not entered until July 28, 2006, the trial court summarily denied grounds one through four, and denied the remaining eight grounds without prejudice to Defendant refiling them in strict compliance with rule 3.850(c).
On July 26, 2006, before the trial court's order was entered, Defendant served a motion to dismiss his then pending amended rule 3.850 motion. He noted that he was still within the two-year time period for filing a timely motion, and indicated he planned to resubmit his entire twelve-ground motion instead of the eight grounds that the trial court denied without prejudice. That motion was not filed with the court until August 1, 2006. In an order dated August 14 and entered August 15, 2006, the trial court denied Defendant's motion to dismiss as moot. Defendant appealed both the July 28 and the August 15 orders.
The orders on appeal are nonfinal, non-appealable orders. However, we treat the appeal as a petition for writ of certiorari. See Jackson v. State, 527 So.2d 845 (Fla. 1st DCA 1988) (granting certiorari relief *1199 from trial court's refusal to allow defendant to revoke his motion to withdraw plea).
Unless there is prejudice to the state, a rule 3.850 movant is entitled to withdraw his motion before it is ruled on. See Clark v. State, 491 So.2d 545 (Fla. 1986); Washington v. State, 937 So.2d 271 (Fla. 4th DCA 2006); Hutchinson v. State, 921 So.2d 780 (Fla. 1st DCA 2006); Johnson v. State, 739 So.2d 160 (Fla. 3d DCA 1999).
We conclude that the trial court departed from the essential requirements of law when it did not allow Defendant to withdraw his motion in its entirety and to refile it. Because he is incarcerated, Defendant's motion is considered to have been filed on July 26, the date it was served. See Fla. R.App. P. 9.420(a)(2); Thompson v. State, 761 So.2d 324 (Fla. 2000); Haag v. State, 591 So.2d 614 (Fla. 1992). This was prior to the date that the trial court's order of denial was rendered, on July 28, as an order does not become effective until it is signed and filed. Barry v. Robson, 65 So.2d 739 (Fla.1953), cited in HENRY P. TRAWICK, JR., FLORIDA PRACTICE AND PROCEDURE § 15-3 (2004 ed.).[1] The fact that the trial court could not have known of the dismissal at the time of ruling does not control. Compare Hansen v. State, 816 So.2d 808, 809 (Fla. 1st DCA 2002) ("Although the trial court may have ruled upon the postconviction motion before becoming aware that a motion to dismiss was pending, the trial court should have corrected its oversight when ruling upon Appellant's timely motion for rehearing.").
Accordingly, we quash the two orders on review and, as the time for filing expired while this appeal was pending, we direct the trial court to allow Defendant to refile his motion within thirty days after the issuance of the mandate in this case. If Defendant has already refiled his motion with the trial court while this proceeding has been pending, the court shall consider and rule on that motion.
GUNTHER, POLEN and TAYLOR, JJ., concur.
NOTES
[1] The rule does not apply when the parties are present to hear the order, TRAWICK § 15-3, but that was not the case here.