PER CURIAM.
The appellant, Michael Hardy, appeals the summary denial of his motion for post-conviction relief. On appeal, Hardy claims the lower court erred by failing to rule on his “Motion to Dismiss or Withdraw 3.850” prior to ruling on the merits of the motion for postconviction relief. We agree, and the State has properly conceded error. Pursuant to Washington v. State, 937 So.2d 271 (Fla. 4th DCA 2006), and Hampton v. State, 949 So.2d 1197 (Fla. 4th DCA 2007), the lower court should have allowed Hardy to withdraw his rule 3.850 motion prior to a ruling on the merits, thus preserving his right to re-file the motion at a later date within the two-year period of limitations. Fla. R.Crim. P. 3.850(b). Therefore, we reverse and remand so that the lower court can grant the motion to dismiss, without prejudice, thus allowing Hardy to re-file a rule 3.850 motion within the time remaining under rule 3.850(b).

Reversed and Remanded.

STEVENSON, C.J., WARNER and MAY, JJ., concur.