WR-81,947-02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/29/2016 3:55:47 PM
Accepted 12/30/2016 8:56:18 AM
ABEL ACOSTA
CLERK

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

EX PARTE                        §
                                §
                                §
                                §          NO.   WR-81,947-02
                                §
STEVE HERBERT SPECKMAN          §

FILED
COURT OF CRIMINAL APPEALS
12/30/2016
ABEL ACOSTA, CLERK

*ARTICLE 11.07 APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE NUMBER C-372-010662-0861282-A IN THE 372ND JUDICIAL DISTRICT COURT OF TARRANT COUNTY, TEXAS; THE HONORABLE SCOTT WISCH AND HONORABLE GEORGE GALLAGHER, JUDGES PRESIDING.*

§ § §

**RESPONDENT'S BRIEF**

§ § §

SHAREN WILSON
Criminal District Attorney
Tarrant County, Texas

DEBRA WINDSOR, Assistant
Criminal District Attorney
Chief, Post-Conviction

ANDRÉA JACOBS, Assistant
Criminal District Attorney
401 W. Belknap
Fort Worth, Texas 76196-0201
(817) 884-1687
FAX (817) 884-1672
State Bar No. 24037596
ccaappellatealerts@tarrantcountytx.gov

Oral Argument is
Requested

# IDENTITY OF PARTIES AND COUNSEL

For convenience of the Court, the State provides the following list of all trial and appellate counsel and current addresses (if known):

Applicant:

| | |
|---|---|
| Original Plea Proceedings | Hon. Michael Logan Ware<br>300 Burnett Street, Suite 160<br>Fort Worth, Texas 76102 |
| Adjudication Proceedings | Hon. Mark Scott<br>3000 E. Loop 820<br>Fort Worth, Texas 76112 |
| Post-Conviction Writ | *Pro Se* |
| Post-Conviction Writ Brief | Hon. Jim Gibson<br>909 Throckmorton Street<br>Fort Worth, TX 76102 |

Respondent:

| | |
|---|---|
| Original Plea Proceedings | Hon. Tim Curry, *Crim. Dist. Attorney*<br>Hon. Theresa E. Austin<br>401 W. Belknap<br>Fort Worth, Texas 76196<br><br>Hon. Alton Estrada<br>2231 Ridge Rd, Suite 101<br>Rockwall, Texas 75087 |
| Adjudication Proceedings | Hon. Joe Shannon, Jr.<br>Hon. Sheila Wynn<br>401 W. Belknap<br>Fort Worth, Texas 76196 |
| Post-Conviction Writ/Brief | Hon. Sharen Wilson, *Crim. Dist. Attorney*<br>Hon. Andréa Jacobs<br>401 W. Belknap<br>Fort Worth, Texas 76196 |

Court:
Original Plea Proceedings                     Hon. Tom Crum
Adjudication Proceedings                Hon. Scott Wisch
Post-Conviction Writ/Brief             Hon. George Gallagher
                                        Hon. Scott Wisch
                                        372nd Judicial District Court
                                        401 W. Belknap
                                        Fort Worth, Texas 76196

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL . . . . . i

INDEX OF AUTHORITIES . . . . . . . . vi

STATEMENT OF THE CASE . . . . . . . 2

STATEMENT REGARDING ORAL ARGUMENT . . . . 3

RESPONSES TO REQUESTED ISSUES . . . . . . 4

There are several alternatives other than dismissal available to an applicant who wishes more time to litigate his application.

This Court should adopt a rebuttable presumption that late stage motions for dismissal are unreasonable because there are several alternatives to dismissal and a rebuttable presumption provides a benefit to all parties involved.

There are several factors that this Court should consider when determining whether an applicant has rebutted the presumption that his late stage motion for dismissal is unreasonable.

Because Applicant's motion to dismiss provides this Court with no specific facts or authority to support his motion, this Court should deny the motion and proceed to disposition on Applicant's 11.07 proceeding even if this Court does not adopt a rebuttable presumption.

STATEMENT OF FACTS . . . . . . . . 5

SUMMARY OF THE ARGUMENT .. . . . . . 6

ARGUMENTS AND AUTHORITIES . . . . . . 7

**Question: What alternatives, other than a dismissal, are available to applicants who wish to dismiss their applications?**

I.      There are several alternatives other than dismissal available to an applicant who wishes more time to litigate his application.      .      .      .      .      .      .      .      7

**Question: Whether this Court should adopt a rebuttable presumption that a motion to dismiss an Article 11.07 application is unreasonable if the motion is filed in this Court or a trial court after a trial court has factually developed the record and made findings of fact and conclusions of law?**

II.     This Court should adopt a rebuttable presumption that late stage motions for dismissal are unreasonable because there are several alternatives to dismissal and a rebuttable presumption benefits all parties involved. .      .      .      .      9

        1.      *There is no statutory authority limiting motions to dismiss.*      .      .      .      .      .      .      .      9

        2.      *Because there are several alternatives to dismissing an application, there is no need to have an absolute right to a late stage dismissal.*      .      12

        3.      *Adopting a rebuttable presumption for late stage motions to dismiss is consistent with society's interest in the finality of convictions and preservation of judicial resources because it would limit unnecessary dismissals, encourage finality of the conviction, and eliminate duplicitous litigation.*      15

        4.      *Adopting a rebuttable presumption for late stage motions to dismiss provides an applicant with beneficial guidance as to what bases a motion could be granted.*      .      .      .      .      .      15

iv

**Question: If this Court should adopt such a presumption, what factors this Court should consider when determining if an applicant has rebutted the presumption?**

III. There are several factors that this Court should consider when determining whether an applicant has rebutted the presumption that his late stage motion for dismissal is unreasonable. . . . . . . . 17

**Question: Should Applicant's motion to dismiss be granted?**

IV. Because Applicant's motion to dismiss provides this Court with no specific facts or authority to support his motion, this Court should deny the motion and proceed to disposition on Applicant's 11.07 proceeding even if this Court does not adopt a rebuttable presumption. . . 20

CONCLUSION. . . . . . . . . . 21

PRAYER. . . . . . . . . . 22

CERTIFICATE OF SERVICE . . . . . . . 23

CERTIFICATE OF COMPLIANCE . . . . . . 23

# INDEX OF AUTHORITIES

**CASES**                                                    **PAGE**

**United States Supreme Court**

*Rhines v. Weber*,
　　544 U.S. 269, 125 S.Ct. 1528 (2005). .　.　.　.　18-19


**Texas Court of Criminal Appeals**

*Ex parte Adams*,
　　No. WR-69,107-03, 2010 WL 360452
　　(Tex. Crim. App. Jan. 27, 2010)
　　(not designated for publication),
　　*dism'd* (Tex. Crim. App. Aug. 25, 2010) (White Card). .　12


*Ex parte Aleman*,
　　408 S.W.2d 234 (Tex. Crim. App. 1966). .　.　.　12


*Ex parte Berry*,
　　No. WR-77,867-01, 2012 WL 3600309
　　(Tex. Crim. App. Aug. 22, 2012)
　　(not designated for publication),
　　*dism'd* (Tex. Crim. App. Aug. 21, 2013) (White Card). .　12


*Ex parte Galvan*,
　　770 S.W.2d 822 (Tex. Crim. App. 1989). .　.　.　13-14


*Ex parte Hereford*,
　　No. WR-65,467-01, 2006 WL 3086407
　　(Tex. Crim. App. Nov. 1, 2006)
　　(not designated for publication). .　.　.　.　12-13


*Ex parte Kerr*,
　　64 S.W.3d 414 (Tex. Crim. App. 2002). .　.　.　27

*Ex parte Luna*,
   Nos. WR-67,880-01, WR-67,880-02,
   2010 WL 4816301 (Tex. Crim. App. Nov. 24, 2010)
   (not designated for publication).     .     .     .     .     12

*Ex parte Masterson*,
   No. AP-75,664, 2007 WL 1138874
   (Tex. Crim. App. Apr. 18, 2007)
   (not designated for publication).     .     .     .     .     12

*Ex parte Medina*,
   361 S.W.3d 633 (Tex. Crim. App. 2011).     .     .     .     14

*Ex parte Osei*,
   Nos. WR-76,669-01-03,  2012 WL 5878007
   (Tex. Crim. App. Nov. 21, 2012)
   (not designated for publication), *relief granted*,
   2013 WL 5275917 (Tex. Crim. App. Sep. 18, 2013)
   (not designated for publication).     .     .     .     .     13

*Ex parte Pena*,
   484 S.W.3d 428 (Tex. Crim. App. 2016).     .     .     .     7, 13

*Ex parte Perez*,
   398 S.W.3d 206 (Tex. Crim. App. 2013).     .     .     .     13,14,18

*Ex parte Pointer*,
   492 S.W.3d 318 (Tex. Crim. App. 2016).     .     .     .     15

*Ex parte Rains*,
   555 S.W.2d 478 (Tex. Crim. App. 1977).     .     .     .     14

*Ex parte Rocha*,
   482 S.W.2d 169 (Tex. Crim. App. 1972).     .     .     .     14

*Ex parte Rowland*,
   230 S.W.2d 818 (Tex. Crim. App. 1950).     .     .     .     12

*Ex parte Saenz*,
   491 S.W.3d 819 (Tex. Crim. App. 2016).     .     .     .     7, 13

*Ex parte Sheid*,
 No. WR-63,130-01, 2006 WL 833167
 (Tex. Crim. App. Mar. 29, 2006)
 (not designated for publication).   .   .   .   .   13

*Ex parte Simms*,
 WR-85,238-01, No. C-297-010666-1384786-A
 (Tex. Crim. App. Jul. 26, 2016) (White Card).   .   .   8

*Ex parte Torres*,
 943 S.W.2d 469 (Tex. Crim. App. 1997).   .   .   .   13

*Ex parte Whisenant*,
 443 S.W.3d 930 (Tex. Crim. App. 2014).   .   .   .   7

*Ex parte White*,
 No. WR-69,428-01, 2008 WL 2673400
 (Tex. Crim. App. Jul. 2, 2008)
 (not designated for publication).   .   .   .   .   12

*Ex parte Young*,
 479 S.W.2d 45 (Tex. Crim. App. 1972).   .   .   .   14


**Texas Courts of Appeals**

*Ex parte Moore*,
 No. 2-05-464-CR, 2007 WL 1952379
 (Tex. App. – Fort Worth Jul. 5, 2007, no pet.)
 (not designated for publication).   .   .   .   .   9


**Other Jurisdictions**

*Alexander v. Warden*,
 No. CV970395939S, 2000 WL 486958
 (Conn. Apr. 11, 2000).   .   .   .   .   .   18

*Clark v. State*,
 491 So.2d 545 (Fla. 1986).   .   .   .   .   11, 18

*Mason v. Bauman*,
>No. 2:12-CV-15655, 2014 WL 4678051
>(E.D. Mich. Sept. 18, 2014)
>(not designated for publication). . . . . 17

*Melendez v. Comm'r of Correction*,
>141 Conn. App. 836, 62 A.3d. 629 (Conn. 2013). . . 11

*Parker v. State*,
>308 Ark. 187, 823 S.W.2d 877 (Ark. 1992). . . . 11

*State v. McMillin*,
>783 S.W.2d 82 (Mo. 1990),
>*abrogated by Morgan v. Illinois*,
>504 U.S. 719, 112 S.Ct. 222, 119 L.Ed.2d 492 (1992). . 12

# CONSTITUTIONAL PROVISIONS, STATUTES, RULES

## Texas

*Proposed* Tex. R. App. P. 73.7. . . . . . . 7, 13

Tex. Code Crim. Proc. art. 1.08. . . . . . 9

Tex. Code Crim. Proc. art. 11.07. . . . . . 9

Tex. Code Crim. Proc. art. 11.07, §4(a). . . . . 8, 17

Tex. Code Crim. Proc. art. 11.07, §4(a)(1). . . . . 8

Tex. Code Crim. Proc. art. 11.071 §5(a). . . . . 10

Tex. Code Crim. Proc. art. 11.072 §6(a). . . . . 9

Tex. Const. art. I, §12. . . . . . . . 9, 14

Tex. Gov't Code §82.061(a). . . . . . . 16

Tex. Gov't Code §498.0045(a). . . . . . . 16

Tex. R. App. P. 39.1. . . . . . . . 3

Tex. R. App. P. 42.2(a). . . . . . . . 10

Tex. R. App. P. 42.2(b). . . . . . . . 10

Tex. R. App. P. 73. . . . . . . . 9

**Other Jurisdictions**

Alaska R. Crim. P. 35.1(1). . . . . . . 11

Conn. Gen. Stat. Ann. §52-80. . . . . . . 11

Fla. R. App. P. Rule 9.350(b). . . . . . . 11

Fed. R. Civ. P. 41(a). . . . . . . . 10, 17

Fed. R. Civ. P. 41(a)(1)(A). . . . . . . 10

Fed. R. Civ. P. 41(a)(1)(B). . . . . . . 10

Fed. R. Civ. P. 41(a)(2). . . . . . . 11

In. St. Postconv. Rule PC 1, §4(c). . . . . . 11

Or. Rev. Stat. Ann. §138.610. . . . . . . 11

Pa. R. Crim. P. 905. . . . . . . . 11

Tenn. Code Ann. §40-30-109. . . . . . . 11

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

| | | |
|---|---|---|
| **EX PARTE** | § | |
| | § | |
| | § | **NO. WR-81,947-02** |
| | § | |
| **STEVE HERBERT SPECKMAN** | § | |

*ARTICLE 11.07 APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE NUMBER C-372-010662-0861282-A IN THE 372ND JUDICIAL DISTRICT COURT OF TARRANT COUNTY, TEXAS; THE HONORABLE SCOTT WISCH AND HONORABLE GEORGE GALLAGHER, JUDGES PRESIDING.*

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW, the State of Texas ("State"), Respondent, by and through her Tarrant County Criminal District Attorney's Office, and files this Respondent's Brief pursuant to the Texas Court of Criminal Appeals' Order dated September 14, 2016, and in support shows the following:

1

## STATEMENT OF THE CASE

*Nature of the case.* The proceeding is an article 11.07 application for writ of habeas corpus.

*Course of Proceedings/Trial Court Disposition.* On July 12, 2004, Steve Herbert Speckman ("Applicant") pled guilty, pursuant to a plea agreement, to the first degree felony offense of aggravated sexual assault of a child under 14 years of age. [CR 167, 172] In accordance with the plea agreement, the trial court placed Applicant on deferred adjudication for a period of ten years. [CR 172]

On May 29, 2013, Applicant pled true to the motion to adjudicate and the trial court adjudicated him guilty and sentenced him to thirty years confinement in the Texas Department of Criminal Justice – Institutional Division. [CR 184]

The Seventh Court of Appeals affirmed the trial court's judgment on May 23, 2014. *See Speckman v. State*, Nos. 07-13-00232-CR, 07-13-00233-CR, 2014 WL 2191997 (Tex. App. – Amarillo May 23, 2014, no pet.) (not designated for publication).

On December 10, 2015, Applicant filed his application for writ of habeas corpus. [CR 2] On June 7, 2016, the trial court recommended that Applicant's application be denied. [CR 165] On August 15, 2016, Applicant moved to dismiss his application. *See* Order, Dated September 14, 2016.

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Rule 39.1 of the Texas Rules of Appellate Procedure, the State submits that oral argument is necessary. The issues before this Court have not been authoritatively decided and are heavily based on general writ procedures, practice, and protocol, and not legal precedent. Therefore, this Court's decisional process would be significantly aided by oral argument by the parties.

# RESPONSES TO REQUESTED ISSUES

There are several alternatives other than dismissal available to an applicant who wishes more time to litigate his application.

This Court should adopt a rebuttable presumption that late stage motions for dismissal are unreasonable because there are several alternatives to dismissal and a rebuttable presumption provides a benefit to all parties involved.

There are several factors that this Court should consider when determining whether an applicant has rebutted the presumption that his late stage motion for dismissal is unreasonable.

Because Applicant's motion to dismiss provides this Court with no specific facts or authority to support his motion, this Court should deny the motion and proceed to disposition on Applicant's 11.07 proceeding even if this Court does not adopt a rebuttable presumption.

# STATEMENT OF FACTS

On December 10, 2015, Applicant filed his application for writ of habeas corpus. [CR 2] On January 4, 2016, the trial court ordered an affidavit from Applicant's trial counsel, Hon. Michael Ware, addressing Applicant's ineffective assistance of counsel claims. [CR 97-98] On February 26, 2016, Hon. Ware filed his affidavit. [CR 111]

On May 13, 2016, the State filed its proposed findings of fact and conclusions of law. [CR 134] On June 7, 2016, the trial court adopted the State's proposed findings of fact and conclusions of law and recommended the application be denied. [CR 165]

On June 24, 2016, Applicant filed a letter objecting to the trial court's order. [1 Supp. CR 2] On July 12, 2016, Applicant filed motions to reopen the habeas proceeding and requested a hearing. [2 Supp. CR 2, 35] On July 21, 2016, Applicant filed supplemental grounds for relief. [3 Supp. CR 2] Applicant's supplemental grounds were not on the proper form. [3 Supp. CR 2-3]

On August 15, 2016, Applicant moved to dismiss his application because it was "pled improperly," "real issues were not developed," and "the issues have been misconstrued." *See* Order, Dated September 14, 2016, p. 2.

## SUMMARY OF THE ARGUMENT

Motions to dismiss filed after the trial court has made its recommendations and transmitted the Chapter 11 proceeding to this Court are generally unnecessary and merely delay tactics. Instead of filing a motion to dismiss, an applicant may amend and supplement his application up until the time this Court disposes of the application. In addition, an applicant may request that this Court hold or stay the proceeding for a period of time. Therefore, this Court should adopt a rebuttable presumption that a motion to dismiss filed at such a late stage is unreasonable.

While there are several factors that this Court should consider when adopting a rebuttable presumption, Applicant's motion to dismiss should be denied because it fails to present any specific facts or authority to support it nor does Applicant give any reason as to why he was not able to properly litigate his application before it was forwarded to this Court.

This Court should adopt a rebuttable presumption and deny Applicant's motion to dismiss as unreasonable.

## ARGUMENTS AND AUTHORITIES

**Question: What alternatives, other than a dismissal, are available to applicants who wish to dismiss their applications?[1]**

I.       There are several alternatives other than dismissal available to an applicant who wishes more time to litigate his application.

There are several alternatives available for an applicant who wishes to dismiss his application after it has been forwarded to this Court, depending on the reasons he wishes dismissal. First, a motion for remand is unnecessary. [2] An applicant may still file additional materials in the trial court even though the proceeding has been transferred to this Court because any materials filed with the District Clerk will be "immediately forwarded to this Court as a supplemental record."[3] Second, if an applicant is only concerned that the evidentiary record is not sufficient, he may move to stay the proceedings so that he can file evidence in the trial court.[4] Third, if he is concerned that there are additional claims that he wants to present, he may file a supplemental or amended application in the trial court before this Court has disposed of the pending application.[5] Finally, if the applicant wants to have this Court refrain from disposing of the application immediately, so that he may decide whether to supplement or amend, he may move

---

[1] To reduce redundancy, this Court's third question will be answered first.

[2] *See Ex parte Whisenant*, 443 S.W.3d 930, 933 (Tex. Crim. App. 2014).

[3] *Id.*

[4] *See Ex parte Pena*, 484 S.W.3d 428, 431 (Tex. Crim. App. 2016); *Proposed* Tex. R. App. P. 73.7, *effective* February 1, 2017 (Misc. Docket No. 16-005).

[5] *See Ex parte Saenz*, 491 S.W.3d 819, 824 (Tex. Crim. App. 2016).

to hold or stay the proceedings for a reasonable amount of time (60-90 days).[6]

In an interesting quirk in the statute may also allow an applicant to later overcome the subsequent writ bar if "new" claims are the basis of his motion to dismiss. According to section 4 of article 11.07 of the Texas Code of Criminal Procedure, it is the "disposition" of the first application that invokes the subsequent writ bar.[7] But, an applicant may overcome the subsequent writ bar by raising claims that could not have been raised on or before the day the application was "filed."[8] So, in theory, any claims discovered after filing that could not have been discovered through reasonable diligence before filing could be raised, e.g. an ineffective assistance of counsel claim arising from new information unknown to applicant, and undiscoverable by him, before receiving a habeas court-ordered affidavit from trial counsel. However, a better practice would still be to supplement the application with the new ineffective assistance of counsel claim and litigate it in that first application.

Therefore, there are several alternatives to moving for dismissal after the trial court has factually developed the record and made findings of fact and conclusions of law ("a late stage motion for dismissal").

---

[6] *See, e.g., Ex parte Wisdom Simms*, WR-85,238-01, No. C-297-010666-1384786-A (Tex. Crim. App. Jul. 26, 2016) (White Card).
[7] Tex. Code Crim. Proc. art. 11.07, §4(a).
[8] Tex. Code Crim. Proc. art. 11.07, §4(a)(1).

**Question:** **Whether this Court should adopt a rebuttable presumption that a motion to dismiss an Article 11.07 application is unreasonable if the motion is filed in this Court or a trial court after a trial court has factually developed the record and made findings of fact and conclusions of law?**

**II.** This Court should adopt a rebuttable presumption that late stage motions for dismissal are unreasonable because there are several alternatives to dismissal and a rebuttable presumption provides a benefit to all parties involved.

*1.* *There is no statutory authority limiting motions to dismiss.*

As this Court is aware, there is no statutory provision requiring a rebuttable presumption when an applicant wants to dismiss his application.[9] But, there is no statutory or constitutional provision allowing an applicant to an absolute late stage dismissal either.[10] Therefore, a survey into other statutory provisions may be helpful.

While article 11.07 is silent as to voluntary dismissal, article 11.072 does not allow the trial court to dismiss an application after the State has responded.[11] And

---

[9] *See* Tex. Code Crim. Proc. art. 11.07; Tex. R. App. P. 73.

[10] *Id.*; *see also* Tex. Const. art. I, §12 ("The writ of habeas corpus is a writ of right, and shall never be suspended."); Tex. Code Crim. Proc. art. 1.08 ("The writ of habeas corpus is a writ of right and shall never be suspended.").

[11] *See* Tex. Code Crim. Proc. art. 11.072 §6(a) ("Not later than the 60th day after the day on which the state's answer is filed, the trial court *shall* enter a written order *granting or denying* the relief sought in the application.") (emphasis added); *Ex parte Moore*, No. 2-05-464-CR, 2007 WL 1952379 (Tex. App. – Fort Worth Jul. 5, 2007, no pet.) (not designated for publication) (trial court did not abuse discretion in denying motion to dismiss because the trial court has no discretion to dismiss an article 11.072 application for writ of habeas corpus after the State has filed an answer).

9

article 11.071 requires that all applications filed after the initial application is filed be treated like subsequent applications regardless of the disposition of the first one.[12] Thus, it would appear that applicants filing article 11.071 or 11.072 applications are expressly prohibited from dismissing them without prejudice.

For direct appeals, the Texas Rules of Appellate Procedure allow for dismissal before the appellate court's decision.[13] And, once the appellate court has rendered its decision, a motion to dismiss may be granted if all parties agree.[14] Direct appeals, though, are different because an appellant cannot refile his appeal at a later date after dismissal so such a dismissal is, by nature, with prejudice.

In federal habeas litigation, there is a specific rule. Rule 41 of the Federal Rules of Civil Procedure allows a petitioner to dismiss his action without prejudice and without a court order (1) before the respondent has served the petitioner with an answer or motion for summary or judgment or (2) if all parties agree, *unless* the petitioner has previously dismissed any federal or state court action "based on or including the same claim."[15] If the party had previously dismissed a related action, the "notice of dismissal operates as an adjudication on the merits."[16] And, all other

---

[12] *See* Tex. Code Crim. Proc. art. 11.071 §5(a) ("If a subsequent application for a writ of habeas corpus is filed *after filing* an initial application, a court may not consider the merits …") (emphasis added).

[13] Tex. R. App. P. 42.2(a).

[14] Tex. R. App. P. 42.2(b).

[15] Fed. R. Civ. P. 41(a)(1)(A), (B) (emphasis added).

[16] Fed. R. Civ. P. 41(a)(1)(B).

requests may be granted by court order with or without prejudice.[17]

Finally, some other states, like the federal court, have statutes or rules prescribing when a motion to dismiss may be granted. Some jurisdictions give a set amount of time where the proceeding may be dismissed as a matter of right.[18] Some jurisdictions allow for dismissal at any time prior to disposition with leave of court.[19] And some jurisdictions do not allow for voluntary dismissal of a petition without prejudice as it runs contrary to their respective subsequent bars.[20]

---

[17] Fed. R. Civ. P. 41(a)(2).

[18] *See* Conn. Gen. Stat. Ann. §52-80 (Connecticut: "The plaintiff may dismiss any action … before the commencement of a hearing on the merits. After the commencement of a hearing … the plaintiff may dismiss such action … only by leave of court for cause shown.") (*See Melendez v. Comm'r of Correction*, 141 Conn. App. 836, 842-43, 62 A.3d. 629, 633 (Conn. 2013)); Fla. R. App. P. Rule 9.350(b) (Florida: "A proceeding … may be dismissed before a decision on the merits by filing a notice of dismissal…") (*See Clark v. State*, 491 So.2d 545, 547 (Fla. 1986)) (A movant is entitled to dismiss his post-conviction Rule 3.850 motion before a decision on the merits unless the State shows prejudice)); Tenn. Code Ann. §40-30-109 (Tennessee: "The petitioner may dismiss a petition at any time prior to the hearing without prejudice to any rights to refile, but the withdrawn petition shall not toll the statute of limitations set forth in §40-30-102").

[19] *See* Alaska R. Crim. P. 35.1(1) (Alaska: "At any time prior to entry of judgment the court may grant leave to dismiss the application."); In. St. Postconv. Rule PC 1, §4(c) (Indiana: "At any time prior to entry of judgment the court may grant leave to dismiss the petition."); Pa. R. Crim. P. 905 (Pennsylvania, "The judge may grant leave to amend or dismiss a petition for post-conviction collateral relief at any time."); Or. Rev. Stat. Ann. §138.610 (Oregon: "The court may grant leave, at any time prior to entry of judgment, to dismiss the petition.").

[20] *See Parker v. State*, 308 Ark. 187, 187-88, 823 S.W.2d 877 (Ark. 1992) (Arkansas: "If this court were to permit a petitioner to dismiss a petition and submit another as soon as the state through its response pointed out deficiencies in the petition, it would be unfair to the state and open the door to an unending succession of petitions. Due process does not require this court to provide

In short, while there is not a statutory provision directly addressing the issue with regard to Texas habeas practice, limiting a party's right to a voluntary dismissal after a certain point is common in other Texas practices and other jurisdictions.

2.  *Because there are several alternatives to dismissing an application, there is no need to have an absolute right to a late stage dismissal.*

This Court has a history of dismissing applications on applicants' own motions.[21]  However, in most situations, dismissal is unnecessary.  As explained

---

unlimited opportunities to present post-conviction claims or prevent this court from requiring a petitioner to raise grounds for relief in the original opinion.") (citation omitted); *State v. McMillin*, 783 S.W.2d 82, 90 (Mo. 1990), *abrogated by Morgan v. Illinois*, 504 U.S. 719, 112 S.Ct. 222, 119 L.Ed.2d 492 (1992) (Missouri: the civil rule that allows for dismissal without prejudice "conflicts with the clear [successive motion prohibition] expressed in Rule 29.15(k) and does not apply in a Rule 29.15 proceeding.").

[21] *See Ex parte Aleman*, 408 S.W.2d 234, 234 (Tex. Crim. App. 1966) (original habeas proceeding); *Ex parte Rowland*, 230 S.W.2d 818 (Tex. Crim. App. 1950) (motion to dismiss writ of habeas corpus); *see also Ex parte Berry*, No. WR-77,867-01, 2012 WL 3600309, *1 (Tex. Crim. App. Aug. 22, 2012) (not designated for publication), *dism'd* (Tex. Crim. App. Aug. 21, 2013) (White Card) (dismissed on attorney's motion to dismiss application); *Ex parte Luna*, Nos. WR-67,880-01, WR-67,880-02, 2010 WL 4816301, *1 (Tex. Crim. App. Nov. 24, 2010) (not designated for publication) (on applicant's motions to dismiss the application three years after this Court initially denied the applications without written order but withdrew the dispositions on applicant's motions to abate); *Ex parte Adams*, No. WR-69,107-03, 2010 WL 360452 (Tex. Crim. App. Jan. 27, 2010) (not designated for publication), *dism'd* (Tex. Crim. App. Aug. 25, 2010) (White Card) (dismissed on attorney's motion to dismiss application); *Ex parte White*, No. WR-69,428-01, 2008 WL 2673400, *1 (Tex. Crim. App. Jul. 2, 2008) (not designated for publication) (request for dismissal post remand for affidavits and trial court's findings of fact); *Ex parte Masterson*, No. AP-75,664, 2007 WL

12

above, an applicant may supplement or amend his application until disposition in this Court.[22] Other reasons an applicant would want to dismiss his application are that (1) he does not have the evidence he needs to prevail on his application or (2) he will not prevail on his application and does not want to be barred in the future from raising different claims. However, with some exception, these reasons should not be sufficient.

The Legislature intended that an applicant be required "to raise all of his claims at once" in his initial proceeding.[23] And, there is no deadline for him to initiate that proceeding. As this Court explained,

1138874, *1 (Tex. Crim. App. Apr. 18, 2007) (not designated for publication) (request for dismissal filed in the trial court prior to this Court receiving the application); *Ex parte Hereford*, No. WR-65,467-01, 2006 WL 3086407, *1 (Tex. Crim. App. Nov. 1, 2006) (not designated for publication) (request for dismissal post remand for trial court's findings of fact); *Ex parte Sheid*, No. WR-63,130-01, 2006 WL 833167, *1 (Tex. Crim. App. Mar. 29, 2006) (not designated for publication) ("Because the type of relief that Applicant requests cannot be provided, we construe Applicant's "corrected clarification of relief requested" as a motion to dismiss his writ application. Applicant's writ is therefore dismissed without prejudice."); *but see Ex parte Osei*, Nos. WR-76,669-01, WR-76,669-02, WR-76,669-03, 2012 WL 5878007 (Tex. Crim. App. Nov. 21, 2012) (not designated for publication) (remanded back for determination regarding what claims applicant wanted to pursue after applicant's retained attorney called this Court stating that applicant wanted to dismiss his application though no motions had been filed), *relief granted*, 2013 WL 5275917 (Tex. Crim. App. Sep. 18, 2013) (not designated for publication). The State cites these unpublished cases as examples, recognizing that they are non-binding and non-precedential. *See, e.g., Ex parte Perez*, 398 S.W.3d 206, 215 n. 10 (Tex. Crim. App. 2013).

[22] *See Ex parte Pena*, 484 S.W.3d at 431; *Proposed* Tex. R. App. P. 73.7, *effective* February 1, 2017 (Misc. Docket No. 16-005); *Ex parte Saenz*, 491 S.W.3d at 824.

[23] *Ex parte Torres*, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997); *see also Ex parte Saenz*, 491 S.W.3d at 824.

> This Court has consistently and properly held that we have no desire to impose upon defendants the requirement that claims for relief be asserted within a specified period of time. *Ex parte Rocha*, 482 S.W.2d 169 (Tex. Crim. App. 1972); *Ex parte Young*, 479 S.W.2d 45 (Tex. Crim. App. 1972). Such a rule would be arbitrary and probably unconstitutional. Art. I, §12, *Tex. Const.*[24]

Therefore, an applicant should be required to fully investigate his claims prior to the filing of his application as he is not bound by time and he only gets one chance. And, even though he is not required to plead "evidence" in his original application, he still has the burden to prove his claims.[25] Thus, allowing an applicant to voluntarily dismiss his application after the record has been developed and the trial court has recommended denial because he may lose defeats the Legislature's intent that an applicant be given only one opportunity to make his claims.

In short, because applicant is given one chance to raise his claims, there is no deadline for when he must raise those claims, and he may still supplement the record or amend his application up until disposition, a late stage dismissal is generally unnecessary and should be presumed unreasonable.

---

[24] *Ex parte Galvan*, 770 S.W.2d 822, 824 (Tex. Crim. App. 1989); *see also Ex parte Perez*, 398 S.W.3d at 219 (reaffirming "no desire to impose" a time deadline on an applicant's claims).

[25] *Ex parte Medina*, 361 S.W.3d 633, 639 (Tex. Crim. App. 2011); *Ex parte Rains*, 555 S.W.2d 478, 481 (Tex. Crim. App. 1977).

*3.*   *Adopting a rebuttable presumption for late stage motions to dismiss is consistent with society's interest in the finality of convictions and preservation of judicial resources because it would limit unnecessary dismissals, encourage finality of the conviction, and eliminate duplicitous litigation.*

"The State has a legitimate interest in the maintaining [of] the finality of" its convictions.[26] And allowing an applicant to later dismiss his 11.07 application for writ of habeas corpus after it has been fully litigated for no other reason than he is going to lose undermines that interest. In addition, allowing an applicant to re-file an application later and essentially "start over" the proceeding after the issues have been fully litigated is a waste of judicial resources, especially in light of the fact that an applicant may liberally amend or supplement the proceeding until this Court makes its decision. Adopting a rebuttable presumption would protect society's interest in finality, while providing flexibility for the Court to allow dismissals in cases where that interest may be outweighed.

*4.*   *Adopting a rebuttable presumption for late stage motions to dismiss provides an applicant with beneficial guidance as to what bases a motion could be granted.*

The State submits that adopting a rebuttable presumption would provide beneficial guidance to applicants. Whether there is a rebuttable presumption, this Court has the authority to deny motions to dismiss if it finds that granting the

---

[26] *Ex parte Pointer*, 492 S.W.3d 318, 325 (Tex. Crim. App. 2016) (Yeary, J., concurring).

15

motion is not in the best interest of the proceeding. In addition, this Court has contempt power against attorneys in extreme cases.[27] Further, this Court may dismiss the proceeding as "frivolous or malicious" if this Court finds that the proceeding was clearly for abusive purposes. And, in those cases, the applicant would forfeit his good conduct time.[28] With the creation of a rebuttable presumption, this Court will provide helpful guidance as to what it will consider when determining whether to grant or deny a late stage motion to dismiss. Applicants will then know what they need to allege and how much supporting information is required in their motions to dismiss. While a "rebuttable presumption" sounds like a "new" hurdle for applicants to overcome, the reality is that the hurdle has always been there. Now, though, the parties will know what and where that hurdle is.

In conclusion, this Court should adopt a rebuttable presumption so that all parties will know what is required in a late stage motion to dismiss.

---

[27] *See* Tex. Gov't Code §82.061(a); *see also Ex parte Kerr*, 64 S.W.3d 414, 421 (Tex. Crim. App. 2002) ("we have both the statutory and plenary authority to hold that attorney accountable via our powers of contempt").
[28] Tex. Gov't Code §498.0045(a).

**Question:**   **If this Court should adopt such a presumption, what factors this Court should consider when determining if an applicant has rebutted the presumption?**

III.       There are several factors that this Court should consider when determining whether an applicant has rebutted the presumption that his late stage motion for dismissal is unreasonable.

If this Court does decide that a rebuttable presumption should be adopted, then the burden on the applicant should be less than the subsequent writ bar. Therefore, the applicant should need only to allege sufficient specific facts and not present evidence.[29]   In addition, if the State agrees, or the trial court recommends, the motion generally should be granted.[30]   Finally, the motion generally should be granted when applicant retains counsel and counsel wishes to dismiss the *pro se* application so that a new application may be filed.[31]   Defense counsel should be given the opportunity to conduct an adequate investigation and file the best possible application after they have been retained.

In addition, this Court should consider whether the applicant has taken

---

[29] *Compare* Tex. Code Crim. Proc. art. 11.07, §4(a) ("[A] court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing …").

[30] *See, e.g.,* Fed. R. Civ. P. 41(a).

[31] It should be noted that, in at least one instance, the federal court has denied a motion to dismiss a petition filed by an attorney who was recently retained.  The attorney was concerned that the *pro se* petitioner had insufficiently briefed the issues and she wanted an opportunity to start over.  The federal court stated that "justice would not be best served by allowing Petitioner a second opportunity to re-brief his issues."  *Mason v. Bauman*, No. 2:12-CV-15655, 2014 WL 4678051, *7 (E.D. Mich. Sept. 18, 2014) (not designated for publication).

appropriate steps to amend his application or supplement the evidence before moving to dismiss; whether the applicant is unable to prove his case at the present time but may be able to at a later time (e.g. cannot find a material witness);[32] whether claims the applicant wants to raise would be barred if raised in a subsequent application;[33] whether there is a jurisdictional error that cannot be fixed within this application (e.g. direct appeal pending); and whether the State is prejudiced by the late dismissal.[34]

Finally, this Court should consider the federal factors regarding stay and abeyance of federal petitions. In *Rhines v. Weber*, the United States Supreme Court determined that the following factors should be considered when deciding whether to stay and abate a federal petition:

a. good cause for failing to exhaust the claims,
b. the unexhausted claims are not plainly meritless,
c. claims can be exhausted in a reasonable time, and
d. the petitioner has not engaged in intentional delay or abusive litigation

---

[32] *See, e.g., Alexander v. Warden*, No. CV970395939S, 2000 WL 486958 (Conn. Apr. 11, 2000) (not designated for publication) (counsel moved to dismiss petition for writ of habeas corpus because he was unable to locate the witness that would prove his ineffective assistance of counsel claim).

[33] For example, the factual and legal bases were available when applicant filed his first application; however, he did not realize the issue may have merit until after the case has been forwarded to this Court and he needs time to investigate before proceeding.

[34] *See generally Ex parte Perez*, 398 S.W.3d at 219 (a claim may be barred by laches if the "unreasonable delay has prejudiced the State."); *see, e.g., Clark v. State*, 491 So.2d at 547 (a movant is entitled to dismiss his post-conviction Rule 3.850 motion until the lower court rules where the State has not shown prejudice).

tactics.[35]

While all of these factors would not apply to an applicant's motion to dismiss, this Court should consider whether (1) there is good cause for the late motion, (2) any claims applicant wants to raise are not plainly meritless, and (3) whether applicant has intentionally delayed, used abusive litigation tactics, or has dismissed a prior application.

In short, the Court should consider whether the applicant has presented sufficient specific facts in his motion to dismiss to rebut the presumption by examining:

1. Whether the State agrees to or the trial court recommends dismissal,
2. Whether the applicant has retained counsel and counsel wishes to dismiss the *pro se* application to "start over,"
3. Whether there is a jurisdictional error that cannot be fixed within this application (e.g. direct appeal pending),
4. Whether applicant has taken appropriate steps to amend his application or supplement the evidence before moving to dismiss,
5. Whether the applicant is unable to prove his case at this time but may be able to at a later time (e.g. cannot find material witness),
6. Whether claims the application wants to raise later would be barred if raised in a subsequent application,
7. Whether the State would be prejudiced by the dismissal,
8. Whether claims the applicant wants to investigate and later raise are not plainly meritless,
9. Whether the applicant has intentionally delayed, used abusive litigation tactics, or dismissed a prior application in this cause, and
10. Whether there is otherwise good cause for filing the late motion.

---

[35] *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S.Ct. 1528, 1535 (2005).

**Question:** **Should Applicant's motion to dismiss be granted?**

IV.        Because Applicant's motion to dismiss provides this Court with no specific facts or authority to support his motion, this Court should deny the motion and proceed to disposition on Applicant's 11.07 proceeding even if this Court does not adopt a rebuttable presumption.

On August 15, 2016, Applicant filed his motion to dismiss his application in this Court.[36] In that motion, Applicant alleged that his application should be dismissed for the following reasons:

1.   It was pled improperly
2.   The real issues were not developed [and]
3.   The issues have been misconstrued[.][37]

Applicant's motion is less than one page and does not provide any facts or authority to support his position that the motion should be granted.[38] In addition, Applicant does not explain why the claims were pled improperly, not fully developed, or misconstrued.[39] Applicant's motion is wholly insufficient to allege any reason for why this proceeding should be dismissed. Therefore, even if this Court does not adopt a rebuttable presumption, Applicant's motion to dismiss should be denied.

If this Court does adopt a rebuttable presumption and considers the State's factors, Applicant's motion should be denied because it is unreasonable. Again,

---

[36] *See* Motion; Order, Dated September 14, 2016, p. 2. (The motion was not received by the District Clerk so no Clerk's Record citation is available.)
[37] *Id.*
[38] *Id.*
[39] *Id.*

20

Applicant's motion provides no reasonable basis for dismissal.[40] Applicant did file motions to supplement the record and amend his application prior to filing his motion to dismiss.[41] However, the only additional evidence he filed was his own affidavit.[42] And the only amendments to his application were that he wanted to add three grounds (1) ineffective assistance of trial counsel, (2) ineffective assistance of appellate counsel, and (3) involuntary plea.[43] All three of these grounds could have been raised in his initial application and Applicant failed to provide these new claims on the proper form.[44] Thus, Applicant's motions to supplement and amend did not provide anything new that could not have been provided before the trial court filed its findings and forwarded the proceeding to this Court. Thus, Applicant has failed to overcome the rebuttable presumption that his motion to dismiss is unreasonable. Applicant's motion to dismiss should be denied.

## CONCLUSION

A rebuttable presumption is necessary. This Court already has discretion to deny a late stage motion to dismiss. A rebuttable presumption would define for litigants what factors this Court considers when determining whether to grant or

---

[40] *See* Motion
[41] [2 Supp. CR 2, 35; 3 Supp. CR 2]
[42] [2 Supp. CR 22]
[43] [3 Supp. CR 2-3]
[44] [3 Supp. CR 2-3]

deny the motion. In addition, an applicant has several alternative options to moving to dismiss his application, including amending his application and supplementing the evidence. Therefore, in most circumstances, a motion to dismiss is unnecessary. And, in those situations where a motion to dismiss is necessary, the applicant can overcome the rebuttable presumption by pleading in his motion why such a motion is reasonable. In this situation, however, Applicant's motion is unreasonable and should be denied.

## PRAYER

The State prays that this Court adopt a rebuttable presumption and deny Applicant's motion to dismiss as it is unreasonable.

Respectfully submitted,

SHAREN WILSON
Criminal District Attorney
Tarrant County

DEBRA WINDSOR
Chief, Post-Conviction

/s/ Andréa Jacobs_____
Andréa Jacobs, Assistant
Criminal District Attorney
State Bar No. 24037596
401 West Belknap
Fort Worth, TX 76196-0201
Phone:        817/884-1687
Facsimile:   817/884-1672

22

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Respondent's Brief was served by electronic service and first class mail on the 30th day of December, 2016, to Applicant, Mr. Steve Herbert Speckman, by and through his attorney of record, Hon. Jim Gibson, jim@jimgibsonlaw.com, at 909 Throckmorton Street, Fort Worth, Texas 76102.

/s/ Andréa Jacobs_____
Andréa Jacobs

## CERTIFICATE OF COMPLIANCE

The total number of words in this Respondent's Brief, exclusive of any caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of the issues presented, statement of procedural history, signature, certificate of service, certification, certificate of compliance, and/or appendix, is **4739** words, as determined by the word count feature of Microsoft Office Word 2010.

/s/ Andréa Jacobs_____
Andréa Jacobs