# Third District Court of Appeal

## State of Florida

Opinion filed March 27, 2019.

————————

No. 3D18-2487
Lower Tribunal No. 17-10511A

————————

**Beanco Thomas,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Beanco Thomas, in proper person.

Ashley Moody, Attorney General, and G. Raemy Charest-Turken, Assistant Attorney General, for appellee.

Before EMAS, C.J., and LOGUE and HENDON, JJ.

EMAS, J.

## ON CONFESSION OF ERROR

Beanco Alexander Thomas appeals from the trial court's order summarily denying, with prejudice, his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.

Before the trial court rendered the order on appeal, however, Thomas filed a motion to voluntarily dismiss his motion for postconviction relief, advising the trial court that he was seeking voluntary dismissal of the motion for postconviction relief because as pleaded it was "facially and legally insufficient." Although the trial court acknowledged Thomas's motion for voluntary dismissal "was filed one day prior to entry of the order on his motion for postconviction relief," it nevertheless entered the order denying with prejudice Thomas' motion for postconviction relief, and denied "as moot" Thomas' motion for voluntary dismissal.

The State properly and commendably confesses error, acknowledging that Thomas was entitled to voluntarily dismiss his motion under the circumstances. See Simon v. State, 768 So. 2d 1089 (Fla. 3d DCA 1995) (holding defendant was entitled to voluntarily dismiss his 3.850 motion, where the voluntary dismissal motion was filed before the court rendered an order on the 3.850 motion, and there would be no prejudice to the State) (citing Clark v. State, 491 So. 2d 545 (Fla. 1986)). See also Hampton v. State, 949 So. 2d 1197 (Fla. 4th DCA 2007).

We therefore reverse the order on appeal, and remand with directions to grant Thomas' motion for voluntary dismissal of his September 11, 2018 motion for postconviction relief, and for further proceedings consistent with this opinion.