# Third District Court of Appeal

## State of Florida

Opinion filed October 8, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D25-0018 & 3D25-0102
Lower Tribunal No. F87-42355
_____

**Dieter Riechmann,**
Appellant,

vs.

**State of Florida,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, David Young, Judge.

Dieter Riechmann, in proper person.

James Uthmeier, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before SCALES, C.J., and LINDSEY and GOODEN, JJ.

PER CURIAM.

In appellate case number 3D25-0018, Dieter Riechmann seeks appellate review of the postconviction court's September 25, 2024 order ("Order") denying Riechmann's May 22, 2024 petition for writ of habeas corpus, and the postconviction court's December 3, 2024 order denying Riechmann's timely motions for rehearing directed towards the Order. See Fla. R. App. P. 9.140(b)(1)(D); Fla. R. App P. 9.141(b). We affirm the challenged orders in all respects and write only to commend the postconviction court on its well-written, detailed Order.

In appellate case number 3D25-0102, Riechmann seeks appellate review of the postconviction court's December 3, 2024 order denying Riechmann's October 18, 2024 motion to voluntarily withdraw his habeas corpus petition. The December 3, 2024 order is not an appealable order because it does not fall within Florida Rule of Appellate Procedure 9.140(b)(1)(A)-(G)'s schedule of appealable orders.[1] Nevertheless, we treat the appeal of this order as a petition for writ of certiorari, see Hampton v. State, 949 So. 2d 1197, 1198 (Fla. 4th DCA 2007), and deny the petition. Barring prejudice to the State, a defendant is generally entitled to withdraw

---

[1] See Irizarry v. State, 390 So. 3d 201, 203 (Fla. 3d DCA 2024) ("[N]otwithstanding any statements regarding appellate jurisdiction that may be contained in a trial court order, we have an independent duty to exercise appellate jurisdiction *only* where such jurisdiction is authorized.").

a postconviction motion *before* it is ruled on. <u>Id.</u> at 1199. Here, though, the postconviction court rendered the Order denying Reichmann's habeas corpus petition prior to Riechmann filing his withdrawal motion. Under the circumstances, the trial court did not depart from the essential requirements of the law in denying Riechmann's withdrawal motion.

Order affirmed in case number 3D25-0018; appeal treated as a petition for writ of certiorari, and certiorari denied, in case number 3D25-0102.